# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

MARCUS D. POLK,          )
                            )
      Plaintiff,        )
                            )
VS.                   )        No. 20-1020-JDT-cgc
                            )
TONY PARKER, ET AL.,   )
                            )
      Defendants.     )
                            )

---

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA, AND TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

---

On January 23, 2020, Marcus D. Polk, Tennessee Department of Correction (TDOC) prisoner number 238063, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore*

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.

*v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a certification of his trust account statement as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 filing fee.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

Clerk, United States District Court, Western District of Tennessee,
111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison, he shall provide the officials at the new facility with a copy of this order.  The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.  The Clerk is further directed to forward a copy of this order to the Warden of the NWCX to ensure the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The complaint in this case concerns events that occurred at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, and Plaintiff Polk sues TDOC Commissioner Tony Parker and several TTCC prison officials.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district:

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This case has no connection with this district other than the fact that Polk is confined here. The TTCC is located in Trousdale County, and the TDOC is headquartered in Nashville, Tennessee, in Davidson County.  Both Trousdale County and Davidson County are part of the Nashville Division of the Middle District of Tennessee.  28 U.S.C. § 123(b)(1).

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This action should not have been brought in this district and is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Nashville Division of the United States District Court for the Middle District of Tennessee.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE