UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARCUS D. POLK,

    Plaintiff,

v.

TONY PARKER et al.,

    Defendants.

Case No. 3:20-cv-00069

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

# MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises from pro se Plaintiff Marcus D. Polk's incarceration at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 23.) Polk, who proceeds *in forma pauperis*, asserts Eighth Amendment claims against Defendants Tennessee Department of Corrections Commissioner Tony Parker; Corrections Officer Alexa Hawkins; TTCC Chief of Security Rubenard Risper; former TTCC Warden Russell Washburn; former TTCC Associate Warden Yolanda Pittman; and CoreCivic, the private corporation that operates TTCC.

Parker moved to dismiss Polk's complaint against him under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 38.) Polk then asked the Court for leave to amend his complaint to assert a claim against Corrections Officer Madalyn Huff in place of Hawkins. (Doc. No. 56) and filed a number of discovery-related motions, including two motions to compel discovery (Doc. Nos. 44, 74), two motions requesting a telephone conference (Doc. Nos. 59, 65), and a motion to extend the deadline for completing discovery (Doc. No. 61). For the reasons that follow, Polk's motion to amend the complaint (Doc. No. 56) will be granted, Parker's motion to dismiss (Doc.

No. 38) will be administratively terminated, and Polk's discovery-related motions (Doc. Nos. 44, 59, 61, 65, 74) will be denied.

I.      **Relevant Background**

Polk initiated this action on January 23, 2020, by filing a complaint alleging that, on June 19, 2019, two inmates from another TTCC housing unit entered his cell, stabbed him twelve times, and robbed him. (Doc. No. 1.) TTCC had a wristband policy to ensure that inmates remained in their assigned units, but Polk alleges that the corrections officer on duty, whom he believed to be Hawkins, allowed the inmates to enter his housing unit without stopping or questioning them. (*Id.*) He also claims that Hawkins did not respond to his repeated attempts to summon help by using the emergency call button. (*Id.*) Eventually, Polk's cellmate got Hawkins's attention, and Polk was taken to a medical clinic for treatment. (*Id.*) Polk's complaint named Parker, Hawkins, Risper, Washburn, and Pittman as defendants. (*Id.*)

On February 3, 2020, the Court screened Polk's complaint under 28 U.S.C. § 1915(e)(2) and found that Polk had stated colorable Eighth Amendment claims against Hawkins and Risper in their individual capacities. (Doc. No. 6.) The Court dismissed Polk's claims against the remaining defendants "without prejudice to [Polk's] ability to file an amended complaint in which he expressly alleges any personal involvement by the individuals in question in the violation of his civil rights." (*Id.* at PageID# 28.) Hawkins and Risper answered Polk's complaint on April 2, 2020. (Doc. No. 15.) On April 23, 2020, Polk filed an amended complaint asserting Eighth Amendment claims against Hawkins, Risper, Parker, Pittman, Washburn, and CoreCivic. (Doc. No. 23.)

A.      **Parker's Motion to Dismiss**

On June 30, 2020, Parker filed a motion to dismiss the complaint against him for failure to state a claim on which relief can be granted. (Doc. No. 38.) The Court extended the deadline for Polk to respond after an administrative error prevented him from receiving Parker's motion to

dismiss. (Doc. Nos. 50, 53.) Polk's response was received by the Court on August 10, 2020 (Doc. No. 54.)

### B. Polk's Motion for Leave to File a Second Amended Complaint

The scheduling order in this case provides that "any motion to amend a pleading" must be filed "on or before June 8, 2020." (Doc. No. 16, PageID# 61.) Polk filed a motion for leave to file a second amended complaint on August 18, 2020. (Doc. No. 56.) Polk seeks to amend his complaint to name Corrections Officer Madalyn Huff as a defendant in place of Hawkins based on new information he obtained through discovery showing that Huff, not Hawkins, was the corrections officer on duty during the events described in the complaint. (*Id.*) CoreCivic, Hawkins, and Risper responded that Polk's claims against Huff are barred by the statute of limitations and that any amendment would not relate back to the filing date of the original complaint because Huff did not receive notice of this action within the time required by Rule 15(c). (Doc. No. 57.) They also filed a declaration by Huff stating that she "was not aware of this lawsuit or the possibility that [she] would be named as a defendant before August 10, 2020." (Doc. No. 58, PageID# 327.)

### C. Polk's Discovery-Related Motions

On July 13, 2020, Polk filed a motion to compel production of "[a] listing of all violent incidents occurring at . . . 'TTCC' between August 2018 and July 2019." (Doc. No. 44, PageID# 221.) Polk states that he requested these documents in discovery but the defendants objected to his request. (Doc. Nos. 44, 44-2.) On July 20, 2020, the Court received a letter from Polk requesting a telephone conference to resolve the discovery dispute. (Doc. No. 47.) CoreCivic, Hawkins, and Risper responded to the motion to compel on July 27, 2020, arguing that they had adequately responded to Polk's discovery requests and that Polk had not attempted to confer with them before filing the motion to compel, as required by Federal Rule of Civil Procedure 37, Local Rule 37.01, and the scheduling order in this case. (Doc. No. 49.)

3

On September 3, 2020, Polk again requested a telephone conference to discuss the discovery dispute. (Doc. No. 59.) CoreCivic, Hawkins, and Risper responded that a telephone conference would not be appropriate until after the parties had met and conferred. (Doc. No. 60.) Polk then moved to extend the deadline to complete discovery from October 8, 2020, to April 8, 2021. (Doc. No. 61.)

On October 28, 2020, Polk once again requested a telephone conference with the Court, stating that he had attempted to resolve the discovery dispute with the defendants by sending a letter to their counsel on August 28, 2020, but had not received a response. (Doc. Nos. 65, 65-1.) CoreCivic, Hawkins, and Risper responded that, while they did not object to a telephone conference, they believed it to be unnecessary because the deadline to file discovery-related motions had passed and they had already responded to Polk's discovery requests and his correspondence about the discovery dispute. (Doc. No. 68.) They also attached their response to Polk's letter, dated October 22, 2020. (Doc. No. 68-1.)

Polk filed a second motion to compel discovery on November 23, 2020, seeking production of: (1) video footage of his housing unit from the date of the events described in the complaint; (2) "[a] listing of all [a]ssault incidents" that occurred at TTCC between August 2018 and August 2019; (3) CoreCivic's contract with the Tennessee Department of Corrections regarding the operation and management of TTCC; (4) "[p]olicy/[d]ocumentation outlining [the] wrist band policy in place at [TTCC]"; and (5) the current or last known address for former Warden Washburn.[1] (Doc. No. 74.) CoreCivic, Hawkins, Pittman, Risper, and Washburn responded that Polk's second motion to compel should be denied because it was filed after the

---

[1] Polk sought Washburn's last known address so that Washburn could be served as a defendant to this action. Washburn has now appeared, rendering this request moot.

deadline for discovery-related motions and because they have already responded fully to Polk's discovery requests. (Doc. No. 76.)

II.     **Legal Standard**

   A.    **Motion to Amend the Pleadings**

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any

5

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

### B. Motions to Compel Discovery

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio

6

2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

**III.    Analysis**

    **A.    Polk's Motion for Leave to File a Second Amended Complaint**

The Court finds that Polk has shown good cause to extend the deadline to file an amended pleading. Polk states that he was not aware that Huff was the officer on duty during the events alleged in the complaint until the defendants provided him with incident reports in discovery. (Doc. No. 56, PageID# 298; Doc. No. 56-2, PageID# 317–19.) After receiving the incident reports, Polk attempted to confer with the defendants and obtain their consent to amend his complaint under Rule 15(a)(2) (Doc. No. 56-2, PageID# 320), but did not receive a response before filing the present motion to amend (Doc. No. 56, PageID# 298–99.) Polk has shown "that the original deadline could not reasonably have been met despite due diligence[,]" and the Court finds that amendment will not prejudice the defendants. *See Ross*, 567 F. App'x at 306. Accordingly, good cause exists to modify the scheduling order and allow Polk's motion to amend.

CoreCivic, Hawkins, and Risper argue that amendment would be futile because Polk's claims against Huff are barred by the statute of limitations (Doc. No. 57). But these defendants lack standing to raise this argument. "[S]tatutes of limitations are designed primarily for the benefit

of persons against whom claims may be made" and are "regarded as a personal privilege" that "may be waived by one entitled to rely on it . . . ." *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). The doctrine of standing includes a "'general prohibition on a litigant's raising another person's legal rights.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *Allen v. Wright*, 486 U.S. 737, 751 (1984)); *see also Coleman v. Apple Eight Hospitality Mgmt, Inc.*, No. 6:16-cv-01343, 2017 WL 1836974, *3 (D. Kan. May 8, 2017) (citing *Bailey v. B. Braun Med. Inc.*, No. 16-cv-1544, 2017 WL 1547163, *2 (N.D. Ga. May 1, 2017)) (stating that "[c]urrent parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants" and "only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice"). In accordance with Rule 15's requirement that leave to amend be freely given "when justice so requires[,]" the Court will grant Polk's motion to amend his complaint. When Huff has appeared, she will be free to raise a statute of limitations defense, but CoreCivic, Hawkins, and Risper may not assert one on her behalf.

### B. Parker's Motion to Dismiss

Parker's motion to dismiss (Doc. No. 38) was directed at Polk's first amended complaint (Doc. No. 23). Generally, the filing of a subsequent amended complaint nullifies earlier complaints and renders moot any motions to dismiss those earlier filings. *ABB v. Reed City Power Line Supply Co.*, No. 1:07-cv-420, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007). Thus, Parker's motion to dismiss is rendered moot by the filing of Polk's second amended complaint and will be administratively terminated.

### C. Polk's Discovery-Related Motions

Polk's discovery-related motions do not conform to the Court's standard procedures for discovery disputes. The scheduling order in this case (Doc. No. 16) provides that discovery

8
Case 3:20-cv-00069 Document 91 Filed 03/29/21 Page 8 of 10 PageID #: 632

motions must comply with the requirements of Federal Rule of Civil Procedure 37 and Local Rule 37.01, which require that parties meet and confer in good faith before filing a discovery-related motion. Fed. R. Civ. P. 37(a)(1); M.D. Tenn. R. 37.01 (Discovery Motions). Local Rule 37.01(b) also requires that parties submit a joint discovery dispute statement in connection with any request for a discovery conference or a discovery motion. M.D. Tenn. R. 37.01(b) (Joint Statement). It appears that Polk attempted to confer with defense counsel by sending a letter dated August 28, 2020 (Doc. No. 74-1), but the defendants did not respond until nearly two months later (Doc. No. 68-1). Because the parties' attempts to discuss the discovery dispute by mail appear to have been ineffective, counsel for the defendants will be ordered to schedule a telephone conference with Polk so that the parties can discuss any outstanding discovery issues. If the parties are unable to reach a resolution, they may request a telephone conference with the Court and move to amend the scheduling order if necessary.

**IV.**     **Conclusion**

For the foregoing reasons, Polk's motion for leave to file a second amended complaint (Doc. No. 56) is GRANTED. The Clerk of Court is DIRECTED to file the second amended complaint (Doc. No. 56-1) as a separate docket entry and to ADMINISTRATIVELY TERMINATE Parker's motion to dismiss (Doc. No. 38).

Polk's motions to compel discovery (Doc. Nos. 44, 74), motions requesting a telephone conference (Doc. Nos. 59, 65), and motion to extend the deadline for completing discovery (Doc. No. 61) are DENIED. Counsel for the defendants is ORDERED to schedule a telephone conference with Polk so that the parties may confer about the discovery dispute no later than April 19, 2021. If the parties are unable to resolve the dispute, they may file a motion requesting a telephone conference with the Court no later than May 3, 2021. The motion shall include a statement of the parties' respective positions on outstanding issues and what they have been able

to resolve through their conference. Counsel for defendants shall be responsible for filing the motion, if needed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge